UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VLADIMIR R. G., | No. 1:26-cv-03800-RLP |
| Petitioner, | ORDER GRANTING HABEAS PETITION |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | |
| Respondents. | |

Before the Court is Petitioner Kevin Vladimir R. G.'s [1] ("Petitioner") petition for writ of habeas corpus. ECF No. 1. Petitioner challenges the lawfulness of his civil detention and seeks immediate release or, alternatively, a bond hearing.

_____

[1] The Court omits Petitioner's full name to protect sensitive personal information.

ORDER GRANTING HABEAS PETITION ~ 1

In opposition, Respondents contend Petitioner is subject to a mandatory detention under 8 U.S.C. § 1226(c)(1)(E) and requests the petition be denied. ECF No. 8. Petitioner submitted a traverse and argues § 1226(c) does not apply. For the reasons set forth below, Petitioner's petition for habeas corpus is granted and the Court finds Petitioner is entitled to a bond hearing.

## BACKGROUND

Petitioner is 27 years old and a citizen of El Salvador. ECF No. 8-1. On June 3, 2015, Petitioner was encountered by a Border Patrol Agent in the Rio Grande Valley, Texas. *Id.* ECF No. 8-1. A Notice to Appear, Form I-862, was issued charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and he was released. ECF No. 8-2. On February 2, 2016, an immigration judge ordered Petitioner's immigration proceedings be administratively closed. ECF No. 8-3. Since then, Petitioner has been arrested several times and had several misdemeanors. ECF No. 8-4. Most significant to this proceeding is that on April 5, 2026, Petitioner was arrested for Burglary in violation of California Penal Code section 459, as well as Inflicting Corporal Injury to a Spouse, False Imprisonment, and Possession of a Controlled Substance. ECF No. 8-4 at 8-9. He was taken into custody by the Sacramento County Sheriff's Office in Sacramento, California. ECF No. 8-5 at 2. On May 2, 2026, Petitioner was taken into DHS Immigration and Customs Enforcement (ICE) custody, and Petitioner has been detained ever

ORDER GRANTING HABEAS PETITION ~ 2

since.

Petitioner asserts violation of his right to due process and seeks release or in the alternative, a bond hearing. ECF No. 1.

ANALYSIS

Petitioner argues he is entitled to relief because his detention without access to a bond hearing violates due process under the Fifth Amendment. ECF No. 1. He requests a determination that his detention is not justified because he has not been shown to present a risk of flight or danger and contends that he should be released if he is not provided a bond hearing within 30 days. *Id.* Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) because he was arrested for burglary and is therefore ineligible for bond. ECF No. 8.

Section 1226(c)(1)(E), also known as the Laken Riley Act, requires detention of an inadmissible noncitizen who is "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" 8 U.S.C. § 1226(c)(1)(E).

Petitioner argues he has not been convicted of the crime of burglary and that regardless, burglary is not a crime of violence. ECF No. 10. Petitioner's response

ORDER GRANTING HABEAS PETITION ~ 3

fails to acknowledge the statute provides mandatory detention for those charged with or arrested for burglary. Respondents provided a DHS report showing that Petitioner was arrested for burglary and other crimes on April 5, 2026.  ECF No. 8-4 at 8-9.

To avoid due process concerns, numerous courts have found that § 1226(c) no longer applies when charges for a listed offense are dropped or dismissed, or when the individual has been acquitted. *Gutierrez-Paniagua v. Mullin*, 2026 WL 1747297, at *3–4 (S.D. Cal. June 17, 2026); *Makhlouf v. Warden, California City Corr. Ctr.*, 2026 WL 1431056, at *2 (E.D. Cal. May 21, 2026) ("[T]o alleviate due process concerns where a non-citizen's detention is based on an arrest or charges that were dismissed 'courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes, and concluding mandatory detention is not required when charges are never filed.'") (quoting *Singh v. Chestnut*, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026)); *Singh v. Wofford et al.*, 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026); *Rueda Torres v. Francis*, 2025 WL 3168759, at *5-6 (S.D.N.Y. Nov. 13, 2025); *see also Singh*, 2026 WL 266021, at *2 (citing *Helbrum v. Williams Olson*, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025) and *E.C. v. Noem*, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025)); *see also Mendoza v. Mullin et al.*, 2026 WL 1507832, at *2 (S.D. Cal. May 29, 2026); *Gopal B. v. Albarran*, 2026 WL

ORDER GRANTING HABEAS PETITION ~ 4

504736, at *3 (E.D. Cal. Feb. 24, 2026); *Flores Martines v. Mattos*, No. 2026 WL 1362529, at *6 (D. Nev. May 15, 2026); *Helbrum*, 2025 WL 2840273, at *6.

Respondents offer no information as to whether the charges were pursued or dropped. The outcome of the arrest is not apparent from the record, and it is not apparent that Petitioner was charged with or convicted of burglary. Based on the record before the Court, it appears as though the Petitioner was not formally charged with burglary. In that case, Petitioner is not subject to mandatory detention under § 1226(c). *See Mendoza*, 2026 WL 1507832, at *2. Accordingly, the Court must consider Plaintiff's due process argument.

FIFTH AMENDMENT DUE PROCESS CLAUSE

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id*. at 693-94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and

ORDER GRANTING HABEAS PETITION ~ 5

the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### a.    *Protected Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Petitioner was detained and released in 2015, so he maintains a liberty interest protected by the Constitution.

### b.    *Process Required*

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the

ORDER GRANTING HABEAS PETITION ~ 6

procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in his own liberty.  Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable.  Petitioner has not received a bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and effect," due process requires that a "special justification" outweigh Petitioner's protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards, which Respondents do not dispute. *Hernandez*, 872 F.3d 976. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

As to the third factor, Respondents have not provided any justification for detaining Petitioner. While the Court recognizes that the Government may have an

ORDER GRANTING HABEAS PETITION ~ 7

interest in enforcement of immigration laws, its interest in continued detention without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Notice and custody determination hearings are routine processes for Respondents and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Because the *Matthews* factors weigh in favor of Petitioner, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. Having received neither, Petitioner's continued detention violates the Fifth Amendment Due Process Clause. In this instance, the proper remedy is to provide an opportunity for a bond hearing.

Accordingly, **IT IS ORDERED:**

1.      Petitioner's Petition for Habeas Corpus, **ECF No. 1**, is **GRANTED**.

2.      Petitioner's Motion for Appointment of Counsel, **ECF No. 2**, is **DENIED as moot.**

3.      **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner (A# 208270543) with an individualized bond hearing before an immigration judge that complies

ORDER GRANTING HABEAS PETITION ~ 8

with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances, criminal history, harm to his family, and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

4.    Within two days of the date of the bond hearing, Respondents are directed to file a notice in this court certifying compliance with this Order.

IT IS SO ORDERED. Judgment shall be entered for the Petitioner and the file is CLOSED.  A copy of this Order shall be transmitted to Petitioner by mail.

**DATED** July 7, 2026.

REBECCA L. PENNELL
United States District Judge

ORDER GRANTING HABEAS PETITION ~ 9