UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

KEVIN VLADIMIR R. G.,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-03800-RLP

ORDER DENYING MOTION TO ENFORCE

Before the Court is Petitioner Kevin Vladimir R. G.'s ("Petitioner") Motion to Enforce Constitutional Limitations on Detention and Motion to Enforce Judgment. ECF Nos. 14, 17. This Court previously granted in part Mr. R. G.'s habeas petition and ordered a bond hearing be provided. He received a bond hearing and immigration judge denied bond. Mr. R. G. now argues the bond hearing did not comply with this Court's order and that he should be released.

Respondents oppose the motions. As set forth below, because there was no abuse of discretion by the immigration judge, the motions are denied.

BACKGROUND

Detailed background was set forth in this Court's previous order. Petitioner was first encountered in the United States in 2015. ECF No. 8-1. In February 2016, his immigration proceedings were administratively closed. ECF No. 8-3. Petitioner has been arrested several times and had several misdemeanors. ECF No. 8-4. Most recently, in April 2026, Petitioner was arrested for several offenses. ECF No. 8-4 at 8-9. On May 2, 2026, Petitioner was taken into DHS Immigration and Customs Enforcement (ICE) custody, and Petitioner has been detained ever since.

Petitioner filed his petition for writ of habeas corpus on May 18, 2026. ECF No. 1. On July 7, 2026, this Court granted his habeas petition and ordered that Petitioner be provided with an individualized bond hearing before an immigration judge within 14 days of the date of the order. ECF No. 11. On July 21, 2026, Petitioner appeared at a bond hearing where an immigration judge denied bond based on the finding that he "pose[s] a danger to persons or property by clear and convincing evidence, and that also enhances the probability that you would comprise a flight risk in this matter as well." ECF No. 18-1 at 7. Petitioner filed a notice of appeal with the BIA, which is currently pending. ECF No. 19-5.

On August 18, 2026, Mr. R. G. filed an Emergency Petition for Writ Habeas

Corpus and Motion to Enforce Constitutional Limits on Detention, ECF No. 14, and on August 24, 2026, he filed a Motion to Enforce Judgment; Request for Appointment of Counsel. ECF No. 17. Respondents filed a Notice of Compliance with bond hearing transcript and a Response opposing the motions. ECF Nos. 18, 19.

## LEGAL STANDARD

This Court has authority to ensure compliance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. *California by & through Becerra v. Dep't of the Interior*, No. 17-cv-5948, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).

When reviewing an immigration custody determination in habeas proceedings, the district court applies an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). The district court "cannot reweigh evidence but can only determine whether the [immigration judge] applied the correct legal standard." *Id.* at 785 (cleaned up). "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the

evidence." *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021), *aff'd sub nom. Quan v. Garland*, No. 21-15416, 2022 WL 576215 (9th Cir. Feb. 25, 2022).

ANALYSIS

Petitioner contends the bond hearing granted pursuant to this Court's order did not comply with the Court's order intended to protect his due process rights. ECF No. 17. He contends generally: (1) the government failed to provide clear and convincing evidence; (2) the bond hearing was constitutionally defective; (3) dangerousness must be current, not historical or speculative; (4) the failure to consider alternatives violates due process; and (5) prolonged detention has become punitive. ECF No. 14 at 3-5. Respondents have filed a transcript of the bond hearing. ECF No. 18. Respondents argue: (1) Petitioner has not exhausted administrative relief; (2) now that a bond hearing has occurred, the *Matthews* factors weigh in favor of Respondents. ECF No. 19.

Exhaustion of Administrative Remedies

As an initial matter, it is noted that Petitioner has appealed the outcome of the bond hearing to the BIA. ECF No. 19-4. Normally, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). However, because this is a motion to enforce the

Court's prior judgment, the Court waives the prudential exhaustion requirement for habeas petitions seeking relief pursuant to 28 U.S.C § 2241. *See Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006). Nonetheless, the Court considers only whether the bond hearing was constitutionally adequate as required by its prior order, and, as noted above, may not review discretionary decisions made by the immigration judge.

## Adequacy of Bond Hearing

The Court has reviewed Petitioner's submissions and the written transcript of the July 21, 2026 bond hearing. The Court finds that that Petitioner has not demonstrated that Respondents failed to comply with its prior habeas order or that the immigration judge abused his discretion in such a way as to violate Petitioner's due process rights. Petitioner contends that, although the hearing occurred, the immigration judge's ruling denying bond failed to comply with the Court's Order because he found Petitioner to be a danger based on past arrests. Petitioner recites information he believes mitigates the circumstances of his arrests, prior conviction, and the most recent charges against him. ECF No. 14 at 3. However, even if true, the Court's analysis does not change.

The Court's prior order required the government to provide Petitioner with an individualized bond hearing before an immigration judge within 14 days. The

government complied with the order. Petitioner appeared before an immigration judge and received a ruling denying bond. The immigration judge stated at the beginning of the hearing that Respondents had the burden of proof to show by clear and convincing evidence that Petitioner poses either a danger to the community or a flight risk, ECF No. 18-1 at 2, and at the end of the hearing that the government met its burden. ECF No. 18-1 at 7. If the immigration court "expressly cited and applied the relevant case law in rendering its decision," the Court should accept that it "applied the correct legal standard," unless there is an indication that "something is amiss." *Martinez*, 124 F.4th at 785 (cleaned up); *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

The Court finds no indication that "something is amiss" in the immigration judge's decision. An immigration judge has broad discretion to consider a number of factors to determine whether the detainee merits release on bond. *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The non-exhaustive factors include: whether the person has a fixed address in the United States; length of residence; family ties and their connection to available immigration relief; employment history; record of appearance in court; criminal record "including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses"; history of immigration violations; attempts to flee; and manner of entry to the United States. *Id.*

In assessing dangerousness, "[a]lthough an alien's criminal record is surely relevant to a bond assessment, *Guerra* contemplates that criminal history alone will not always be sufficient to justify denial of bond on the basis of dangerousness." *Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011), abrogated on other grounds in *Jennings v. Rodriguez*, 583 U.S. 281 (2018). Rather, an immigration judge "must also consider the recency and severity of the offenses." *Id*. Furthermore, under BIA case law, immigration judges may properly "consider not only the nature of a criminal offense but also the specific circumstances surrounding [Respondent's] conduct," *Matter of Siniauskas*, 27 I&N Dec. 207, 208-09 (BIA 2018), as well as "any unfavorable evidence of [his] conduct, including arrests that did not ultimately result in conviction." *Matter of Urena*, 25 I&N Dec. 140, 140 (BIA 2009). Here, the IJ applied the correct legal standard, cited *Guerra*, and considered appropriate factors in denying bond based on Petitioner's danger to the community, including the recency and severity of criminal history. Specifically, the immigration judge considered evidence of a succession of dangerous activity on the roadways as well as a current allegation of assault of his domestic partner.

To the extent that Petitioner challenges the immigration judge's dangerousness assessment in light of Petitioner's claims that it was based solely on arrests and dismissed charges, the Court lacks the ability to "second-guess the

immigration judge's weighing of the evidence." *Calmo v. Sessions*, 2018 WL 2938628, at *4 (holding that where the evidence is undisputed, "differences in interpretation of the facts" remain "well within the province of the immigration judge"). Complaints about the weighing of specific pieces of evidence and the ultimate the conclusion the immigration judge reached must be presented through the normal immigration appeal process. *See Valenzuela v. Semaia,* Case No. 5:25-cv-02853-SSS-RAO, 2025 WL 4041920, at *2 (C.D. Cal. Dec. 10, 2025) ("Although Petitioner may disagree with the outcome of the IJ's determination at the bond hearing, this Court does not have jurisdiction to sit as an appellate body over this issue.").

The immigration judge's decision denying bond was not an abuse of discretion, and there is no legal basis for the Court to find that Respondents failed to comply with its Order. Therefore, Petitioner has received due process.

To the extent Petitioner makes the argument that his detention is prolonged, this is not an avenue of relief. First, even if Petitioner's detention was prolonged, his remedy would be a second bond hearing, not release. *Lopez v. Garland*, 631 F. Supp. 3d 870, 882–83 (E.D. Cal. 2022). And under the *Mathews v. Eldridge* test for procedural due process rights, Petitioner is not entitled to second bond hearing. 424 U.S. 319 (1976); *see Rodriguez Diaz v. Garland*, 53 F. 4th 1189 (9th Cir. 2022). While Petitioner has a liberty interest affected by official action, the length

of his detention has not been "prolonged" in immigration habeas context, as he has been detained since May and received a bond hearing in July. Further, the government has a strong interest in preventing noncitizens from remaining in United States in violation of its laws. The decision to detain Petitioner has been subject to several levels of review, each offering him the opportunity to be heard by neutral decisionmaker, and his appeal of the IJ's decision is pending. Reconsideration of the *Mathews* factors in this context, after Petitioner recently received a bond hearing, results in the conclusion that no further process is due at this time. *See Rodriguez Diaz*, 53 F.4th at 1207-10.

Accordingly, **IT IS ORDERED:** Petitioner's Motions to Enforce, **ECF No. 14** and **ECF No. 17**, are **DENIED**.

The file is CLOSED. A copy of this Order shall be transmitted to Petitioner by mail.

**DATED** September 8, 2026.



REBECCA L. PENNELL
United States District Judge